THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:22CR135 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SETH HOOVER, | ) | |
| | ) | (Resolves Docs. 29 and 42) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Seth Hoover's motion to suppress (Doc. 29) and supplement motion to suppress (Doc. 42). The Government has opposed the motion, and Hoover has replied in support.  The Court conducted an evidentiary hearing on the motion on June 28, 2023 and heard testimony from Ohio State Highway Sergeant Christian Perrin.  Upon review, the motion is DENIED.

The sole issue raised in Hoover's motions contends that Sergeant Perrin unlawfully extended the duration of the traffic stop at issue.  The Sixth Circuit has noted as follows with respect to traffic stops and their duration:

> We recently reaffirmed in *United States v. Stepp*, 680 F.3d 651, 661 (6th Cir. 2012), that "stopping and detaining a motorist constitutes a seizure within the meaning of the Fourth Amendment. Passengers ... are also considered seized during a traffic stop." (Citations and internal quotation marks omitted.) Additionally, a reasonable investigative detention can be transformed into a Fourth Amendment violation by an "unreasonable extension of an otherwise lawful stop." *Id*. at 662.

*United States v. Ivey,* 507 F. App'x 502, 504–05 (6th Cir. 2012). Moreover, the officer is permitted to ask questions completely unrelated to the reason for the initial detention as long as the questions do not "measurably extend the duration of the stop." *Arizona v. Johnson*, 555 U.S. 323, 333 (2009); *see also United States v. Sharpe*, 470 U.S. 675, 685 (1985); *Florida v. Royer*, 460 U.S. 491, 500 (1983) (plurality opinion) ("The scope of the detention must be carefully tailored to its underlying justification."). Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed. *See Sharpe*, 470 U.S., at 686 (in determining the reasonable duration of a stop, "it [is] appropriate to examine whether the police diligently pursued [the] investigation").

Sergeant Perrin testified that he executed a traffic stop involving Hoover at roughly 11:30 p.m. on September 25, 2021. Sergeant Perrin pulled over Hoover's vehicle because he had improperly turned left onto U.S. 250 and proceeded a short way driving the wrong direction on that highway before turning into a Quality Inn parking lot. At 11:30:53, per dash camera footage, Sergeant Perrin approached Hoover and asked for his driver's license and registration. During this initial encounter, Sergeant Perrin noticed a torch lighter and a packet of what he described as blunt wrappers in a grocery bag on the passenger's lap.

After receiving Hoover's information, which included a South Carolina driver's license that identified Hoover as John Hernandez, Sergeant Perrin asked Hoover to accompany him to his vehicle while he ran the information. Sergeant Perrin also noted that the person to whom he was speaking looked distinctly different than the person the license he had been handed. While gathering that initial information, Sergeant Perrin learned that Hoover only had a beginner's permit. As a result, Sergeant Perrin asked the passenger of the vehicle if she had her driver's

license.[1]  She responded that she did not.  Sergeant Perrin then asked her whether she had a valid license.  She responded that she did not.  The passenger was unable to give her Social Security number, but she did give her full name and date of birth.

Sergeant Perrin then returned to his vehicle and ran both Hoover's information and the information related to his passenger.  After running the passenger's information, Sergeant Perrin learned that she had a valid driver's license.  As a result, he returned to the vehicle to discuss the discrepancy between the passenger's statement and the information Sergeant Perrin learned upon running her name.  At roughly 11:42:40, the passenger indicated that she had meant only that she did not have her license currently on her person.  A few seconds after that response, Sergeant Perrin asks the passenger about the torch lighter and wrappers, telling her that they are often used with marijuana.  At roughly 11:44:43, while Sergeant Perrin is still discussing these items with the passengers, he sees a firearm in the vehicle.  A later search of the vehicle revealed fentanyl.

It is based upon the above facts that Hoover contends that his traffic stop was unlawfully extended by Sergeant Perrin.  Specifically, Hoover contends that at 11:42:20, when the passenger explained the discrepancy in the status of her driver's license, the traffic was legally required to be terminated.  However, in so arguing, Hoover ignores the other information that Sergeant Perrin had in his possession at the time of that discussion.  He had Hoover with identification with a photograph that looked markedly physically different than the person in the cruiser.  Moreover, Hoover's eye color did not match the information on the identification.  Sergeant Perrin also knew that the passenger was holding a grocery bag with items that are routinely used with marijuana and had given a false answer to a simple, direct question.

---

[1] As Hoover only had a beginner's permit, he was required to have a licensed driver in the vehicle with him to lawfully drive.

Based upon all of the above, the roughly 2 minutes and 23 seconds that Sergeant Perrin spent trying to determine *why* the passenger had given his false information was not an unreasonable extension of the duration of stop.  *See, e.g., United States v. Chaney*, 584 F.3d 20, 26 (1st Cir. 2009) (holding that the delay of approximately two minutes that occurred prior to the officer developing reasonable suspicion to further investigate identity was *de minimus* and did not unreasonably extend the duration of the traffic stop).  In addition to the delay being *de minimus*, Sergeant Perrin's questions about whether the passenger used marijuana could be legitimated related to his investigation to a traffic infraction as they could why the passenger responded improperly to such a simple question.    Whether the passenger was nervous because of the drugs contained in the vehicle or confused because of possible drug use, Sergeant Perrin's direct observations coupled with the inconsistent information gave him reasonable suspicion sufficient to continue to question the passenger in an effort to explain her inconsistency.

Based upon the above, the Court finds no merit Hoover's sole argument.  The motion to suppress and supplemental motion to suppress are DENIED.

IT IS SO ORDERED.


Dated: August 21, 2023                               */s/ Judge John R. Adams*
                                                     JUDGE JOHN R. ADAMS
                                                     UNITED STATES DISTRICT COURT