THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22CR135 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SETH HOOVER, | ) | |
| | ) | (Resolves Doc. 60) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Seth Hoover's motion for clarification. Doc. 64. Specifically, Hoover contends that he needs clarification of the minutes entered after his August 11, 2022 hearing. Those minutes indicate that said date was the final deadline for Hoover to enter a plea and receive acceptance of responsibility. In his motion, Hoover contends that he "unable to plead without understanding the Court's previous entry and whether the Court is still inclined to allow or grant him acceptance of responsibility." Doc. 64 at 1.

Initially, the Court notes that Hoover's motion is not ripe for review. While Hoover's motion claims that he "has expressed a willingness to plead," Hoover has never appeared before this Court and sought to enter a guilty plea. No plea agreement has ever been presented that both Hoover and the Government had signed. As such, no opportunity ever arose for the Court to

consider any arguments surrounding acceptance of responsibility.[1] Moreover, in contrast to Hoover's assertions, as recently as September 29, 2023, the Court docketed under seal a proposed plea agreement that Hoover had rejected. Doc. 69. That rejected plea agreement including the Government's recommendation that Hoover be awarded acceptance of responsibility. As such, Hoover's contentions that he was willing to plead are not borne out by the record.

Furthermore, Hoover's suggestion that the Court must inform him about its thoughts on acceptance of responsibility *before* he can make any decision on whether to enter a plea have no basis in law. The Court, in fact, is prohibited from engaging in any part of the parties' plea negotiation process.

Finally, to the extent that Hoover seems to suggest that his options were somehow limited because of the Court's statements at his pretrial, he ignores several facts. First and foremost, Hoover was informed early on of the deadlines established by the Court and the possible consequences of failing to meet those deadlines. The Sixth Circuit has noted that the use of such a deadline allows this Court to manage its criminal docket. *United States v. Gray*, No. 20-3019, 2021 WL 4963366, at *8 (6th Cir. Oct. 26, 2021) And nothing in this Court's suggestion that the plea deadline "will have implications for acceptance of responsibility" signals any intention to ignore the limits set by the Sixth Circuit, namely that "[d]istrict courts may consider the timeliness of a defendant's plea under § 3E1.1(a) only to the extent that timeliness reflects the extent of the defendant's sincerity in accepting responsibility." *United States v. Hollis*, 823 F.3d 1045, 1047–48 (6th Cir. 2016) (citing United States v. Kumar, 617 F.3d 612, 637 (2d Cir.

---

[1] The Court notes that even a change of plea hearing would not be the time for *the Court* to consider acceptance of responsibility. Rather, such a decision is only properly made during a sentencing hearing.

2010)). Instead, in implementing a plea deadline, the Court did nothing more than promise to consider a relevant factor when calculating Hoover's offense level.

Accordingly, his motion for clarification is DENIED AS MOOT.

IT IS SO ORDERED.


Dated: October 3, 2023                  /s/ *Judge John R. Adams*
                                                   JUDGE JOHN R. ADAMS
                                                   UNITED STATES DISTRICT COURT