THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22CR135 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SETH HOOVER, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court are the parties' arguments surrounding whether Defendant Seth Hoover qualifies as a career offender. The Court now resolves those arguments.

The U.S. Sentencing Guidelines provide in relevant part:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. 4A1.2.  While the language of the above appears straightforward, the parties sharply dispute its application to Hoover's history.

There is no dispute that Hoover was arrested on November 7, 2007 and charged with possession of crack cocaine in the Tiffin Municipal Court. However, that arrest did not lead to an indictment in the Seneca County Court of Common Pleas, and the charges were dismissed. On August 11, 2009, Hoover was again arrested, and on August 26, 2009, he was indicted for trafficking in heroin. An arrest warrant for that indictment was served on Hoover on August 27, 2009. On September 17, 2009, while already in custody, Hoover was indicted for trafficking in crack cocaine. That second indictment specified that Hoover's offense conduct took place on November 7, 2007, the day of his initial arrest.

Hoover subsequently pled guilty to both 2009 indictments. Hoover was sentenced the same day for both convictions receiving consecutive 4-year sentences for an aggregate sentence of 8 years. Hoover contends that because there was no intervening arrest between his two 2009 indictments and he was sentenced on the same day for both, they should be treated as a single sentence. The Court cannot agree.

"Text, context, and precedent together confirm that, for purposes of § 4A1.2(a)(2), an arrest requires placing someone in police custody as part of a criminal investigation." *United States v. Rogers*, 86 F.4th 259, 264 (6th Cir. 2023). There can be no dispute that Hoover was placed into police custody as part of a criminal investigation. Further, "an intervening arrest occurs when a defendant commits an offense, is temporarily placed in the custody of police for that crime, and then commits another offense upon release." *Id.* at 266. In other words, intervening arrest means "(1) a custodial arrest (2) that occurs at some point before the commission of a second offense." *Id*.

Consistent with the above, the entirety of Hoover's argument – that the dates of his indictments are the key point of reference in evaluating his prior sentences – has been rejected by

2

the Sixth Circuit: "an arrest (not an indictment) is the touchstone for determining what constitutes a prior sentence." *Id.* at 266–67.  *Rogers* went on to note that "§ 4A1.2(a)(2) dictates that the 'intervening arrest' principle governs even with respect to two offenses that were contained on the "same charging instrument." A proposed rule that focuses on the timing of the indictment for the first offense would trivialize the Guidelines reference to the 'same charging instrument.'" *Id.* at 267.  Hoover cannot dispute that he was arrested on November 7, 2007 for trafficking in crack cocaine.  The record further demonstrates that *subsequent* to that initial arrest, Hoover committed his offense for trafficking in heroin on August 11, 2009.[1]  Accordingly, Hoover's sentences are properly treated as separate sentences, and he is properly characterized as a career offender.

     IT IS SO ORDERED.


Dated: March 19, 2024                          */s/ Judge John R. Adams*
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT

---

[1] *Rogers* similarly rejected the rule of lenity argument set forth by Hoover finding that no ambiguity existed in the Guidelines use of intervening arrest.  *Id*. at 268.